IN THE MATTER OF THE PETITION OF HUBERT O. THOMPSON, COMMISSIONER, ETC., FOR THE APPOINTMENT OF COMMISSIONERS OF APPRAISAL, UNDER CHAPTER 490, LAWS OF 1883.

*Award of damages caused by the construction of the new Croton aqueduct for New York city* — 1883, *chap.* 490 — *but one amount is to be awarded.*

A report of commissioners' awarding damages to the owners of, and persons interested in, lands to be acquired for the construction of the new Croton aqueduct, under the provisions of chapter 490 of 1883, was claimed to be defective in that it failed to state separately the sum awarded for the land actually taken, and the sum awarded for the damages to the contiguous lands injuriously affected thereby.
*Held,* that the statute contemplated the award of but one amount.
*In the Matter of Campbell* (41 Hun, 643) followed.

APPEAL from an order entered in Westchester county confirming the report of commissioners appointed to ascertain and determine the compensation to be made to owners of and persons interested in, land to be acquired for the construction of the new Croton aqueduct.

*Charles B. Meyer,* for the claimants, appellants.

*Francis Lynde Stetson,* for the petitioner, respondent.

DYKMAN, J.:

Commissioners were appointed to ascertain and appraise the compensation to be made to owners of land and persons interested therein, to be acquired for the construction of the new Croton aqueduct, or to be affected thereby in accordance with the provisions of chapter 490 of the Session Laws of 1883.

After many long hearings and the examination of numerous witnesses the commissioners made a report of the awards to certain claimants, which was confirmed by the court at Special Term. The claims of the appellants were among those included in the report upon which awards had been made and they have appealed from such order of confirmation. Their names are James McLean, Benjamin A. See and Henry C. Meyer, and their objections are two in number and substantially similar. First, for a failure to state separately the sums awarded for land actually taken and for

damages to contiguous lands injuriously affected, and second for inadequacy in the amount of the awards.  In relation to the first point it must be said that the report of the commissioners is in full compliance with the requirements of the statute by which they are controlled and with the practice in similar proceedings.

By the provisions of section 18 of the law, referred to already, every owner or person interested in real estate taken, used or occupied for or affected by the construction of the new aqueduct is required to exhibit a statement of his claim for compensation for such taking, entering upon, using or occupying, and thereupon he becomes entitled to be heard touching such claim and to have a determination made by the commissioners as to the amount of such compensation.  The statute contemplates but one claim for compensation, and the award of one amount therefor, and no beneficial results would accrue to either party by requiring more.

A further illustration of the design of the statute to confine the award to a sum in gross is found in sections 11 and 12.  By the former the commissioners are required to ascertain and determine the compensation to be made, and by the latter the report must contain a statement of the sum determined upon as a compensation to the persons entitled to or interested in each parcel taken or affected.  There is but one measure of damages, and that is the difference between the value of the land as it was and as it will be as it stands affected by the action of the city authorities under this law, and that measure produces but one sum.  Different elements may enter into its constitution as different considerations may lead to its adoption, but the result of all is a consolidated amount of money.  This same question was decided the same way under a similar statute, *In the Matter of Allan Campbell,* in this department in July, 1886 (41 Hun., 643).

The second question presented requires even less consideration. The testimony fails to disclose the adoption of any erroneous rules of compensation, and the sole objection of inadequacy can be accorded but small consideration in this appellate tribunal unless the amount is so small or so great as to be palpably erroneous.  In all these cases the sums awarded seem to be the result of conservative views, and so far as we can judge from the testimony offered on both sides they seem to be fair and just.

The order appealed from should be affirmed, with ten dollars costs, in each case besides the disbursements.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Order affirmed, with costs and disbursements.